# DANOVAN v. JONES & a.

The mayor and aldermen of a city have no power to order a party to be arrested for creating a nuisance by placing a post in the street.

Neither has a surveyor of highways any such power.

Constables and police officers have power to arrest in many cases, upon their own view of an offence committed; as at common law, for breaches of the peace, and by statute, for breach of police regulations; but they have no such power in a case of placing a nuisance, not specified in the police law, in a highway.

TRESPASS, for an assault and battery and false imprisonment. A brief statement was filed with the general issue, in which it was alleged that Grant, one of the defendants, was, at the time when, &c., acting in his office of assistant marshal, constable and police officer of the city of Portsmouth, and upon view of an

offence committed by the plaintiff, in obstructing and incumbering a highway in P., called Pleasant street, in accordance with an order of the mayor of P., did arrest and detain the plaintiff, as he lawfully might; and after a complaint was made, and before the plaintiff was brought to trial, he was discharged from arrest, without trial, at the instance of his attorney, and that the other defendants did not in any way interfere with or detain the plaintiff.

The case was tried by the court by consent of parties. It appeared in evidence that the defendants arrested the plaintiff on the afternoon of the 19th day of May, 1856, and took him to the watch-house in Portsmouth, and imprisoned him there, till between nine and ten o'clock the next morning, when he was discharged. It further appeared that the plaintiff was, at the time of his arrest, assisting one Charles Robinson in erecting a stone post in Pleasant street, opposite the land of said Robinson, and close to the curb-stone, outside thereof. It further appeared that one John K. Pickering, who owned the adjoining lot, and lived upon it, passed with carriages from the street to his yard, over the sidewalk, where this post stood, but that there was room for him to pass without interfering with the post, although he testified that it was a nuisance to him.

It further appeared, that there was a post standing in front of Pickering's land, and trees along the street opposite Robinson's land, which were further into the street than the post in question ; and that there were posts and trees, standing in the same way, all over the city. It did not appear that the post obstructed the travel along the street.

At a meeting of the mayor and aldermen, upon a petition of J. K. Pickering, complaining of the erection of this post, it was ordered that " the mayor cause the post to be removed, and all persons placing obstructions in the highways, in violation of the order of the board, to be arrested and dealt with according to law ;" and the mayor issued an order directed to Jones, one of the defendants, as street commissioner, requiring him to remove the post, and prosecute all persons placing obstructions in the

highways, agreeably to the same vote ; and an order to Grant and Foote, the other defendants, as assistant marshals, to render such assistance to the street commissioner as he should require.

It appeared that the arrest was made by the defendants, who were acting as police officers, upon view of the alleged offence of erecting the post, and detained till about nine o'clock the next forenoon, when a complaint being made, and an attorney engaged in drawing a warrant, the plaintiff's attorney came in, and upon his suggestion the prosecution was dropped and the plaintiff discharged.

It appeared that Jones was street commissioner, and the other defendants assistant marshals, and that they had no written authority, but the mayor's order.

Upon this evidence the court found the defendants guilty, assessed the damages, and rendered judgment. To the finding of the court the defendants filed exceptions, which were allowed.

*Hatch* and *Webster*, for the plaintiff.

*Hoyt*, for the defendants.

BELL, J. There is no pretence that the mayor and aldermen had any authority to direct the arrest of the plaintiff in the case stated. However expedient it might be that the city authorities should have the power to prevent the erection of nuisances in the street, we are not aware of any authority given to them by the law for that purpose. The powers of the mayor and aldermen are conferred on them in terms by statutes, or they are such as have been conferred on selectmen of towns by statutes. It is not generally either prudent or safe for them to assume powers in any case where they cannot find an express statutory authority.

The street commissioner is alleged in the brief statement to be surveyor of highways, though that fact does not otherwise appear in the case. What were his powers as commissioner the court has no means of judging, as they do not officially take notice of the ordinances of cities ; but if he was surveyor, though

Danovan v. Jones.

he had authority to cause any incumbrance in the highway to be removed, agreeably to the statute, he had no power to arrest any one for placing such incumbrance in the street.

Indeed, it does not seem entirely clear that the post here in question could be properly regarded either as an incumbrance or a public nuisance, though it might be annoying to Mr. Pickering.

He denies that he either directly or indirectly interfered with or restrained the plaintiff; but this fact is found otherwise, and no justification whatever is shown.

The other two defendants, in their capacity of constables and police officers, had authority to arrest persons committing offences against the law, upon their own view, in certain cases. The question here is, if, in this case of erecting a nuisance in the street, the offence is of that class in which such officers have power to arrest without warrant. They may, as constables, derive the power from the common law, or as police officers and constables they may have it by statute.

In the books which treat of this subject, as 1 Burns' Justice 394, and particularly in Wilcox on Constables, chap. 2, the cases are enumerated apparently with great minuteness and care, in which a constable may apprehend without warrant, and no case in any way resembling this can be found.

The power given by statute (Rev. Stat. ch. 114, sec. 6,) is expressly limited to offences against the police law. Among those offences, in sec. 7, of ch. 113, of the Revised Statutes, are included various kinds of obstructions in the streets. "No person shall, without necessity, place or leave, or cause to be placed or left, in any street, lane, alley, or public place, for two hours by day, or one hour by night, any sled, wheelbarrow, cart, dray, chaise, or other carriage, or any box, crate, cask, tub, or other vessel; or place or throw, or cause to be placed or thrown, into any such street, lane, alley, or public place, any wood, lumber, manure, dirt, or other matter that may impede the free passage of the same, and suffer the same to remain there two hours." This statute cannot apply to this case,

because it is not alleged that the post had remained two hours, and it did not appear that it obstructed the public travel along the street, even if the language could be by the liberal construction held to reach the case otherwise.

The trespass was consequently without any legal justification, and the defendants were properly found guilty, and the judgment must be affirmed.