## COMMONWEALTH *vs.* JOHN TOBIN.

On the trial of an indictment for assaulting a police officer, evidence that the person as-
saulted was, with the defendant's knowledge, wearing the uniform and badge of a police
officer and acting as such at the time of the assault, is sufficient proof that he was a police
officer.

A constable has a right, by virtue of his office, without a warrant, to enter, through an
unfastened door, a house in which there is a noise amounting to a disturbance of the
peace, and arrest any person disturbing the peace there in his presence.

Any affray or assault is a disturbance of the peace.

The unlawful omission of an officer to make a subsequent complaint against a person, whom
he has lawfully arrested without a warrant, is no defence to an indictment of the person
for assaulting the officer in resisting the arrest.

INDICTMENT averring that the defendant, at Lynn, on March
19, 1871, " in and upon one William S. Waitt, in the peace of
said Commonwealth then and there being, an assault did make,
he, the said Waitt, being then and there a police officer of said
Lynn, and then and there also being in the due and lawful dis-
charge of the duties of said office, and him, the said Waitt, while
then and there in the due and lawful execution of his said office,
then and there unlawfully, knowingly and designedly did hinder,
resist and oppose, against the peace of the Commonwealth, and
contrary to the form of the statute," &c.

Trial and verdict of guilty in the superior court, before *Rock-
well*, J., who allowed a bill of exceptions substantially as follows:

" The only evidence tending to prove that William S. Waitt,
the alleged officer, was a police officer, was his testimony to the
effect that, at the time of the alleged assault, he was acting in
that capacity, and was dressed in the usual uniform of the Lynn
police and wearing a police badge ; and it was admitted that the
defendant had knowledge of the facts in this respect.

" The evidence for the Commonwealth tended to prove that
Waitt and Hiram Rowell, who was also acting as a police officer,
were in the streets of Lynn, about quarter before two o'clock in
the morning of March 19, 1871, when they heard a loud noise,
apparently of quarrelling, and traced it to the defendant's house ;
that they thereupon entered the house by opening an unlocked
door, and found the defendant, and his wife and daughter, and

another man there, and the defendant had his arm raised as if to strike his wife, who was some six feet from him; that Waitt at once seized the defendant, and, in reply to his question as to the cause of his arrest, told him that he was arrested for disturbing the peace; and that the defendant resisted the arrest, and used much violence in his resistance, which was the assault charged. The officers also testified that the defendant was intoxicated when they entered the house. All this testimony was controverted by the defendant, who contended that he was not intoxicated or noisy or quarrelling, and that no assault was made or attempted by him upon his wife.

" It appeared that the defendant was carried from the house to the police station at the time; but it did not appear that any complaint had ever been made against him for any offence.

" The defendant requested a ruling, that in a case like this, in which the official character of Waitt was important not merely as aggravating the offence, but in which, save for such official character, his own act in arresting the defendant was a trespass and would justify the resistance proved, such character was to be strictly proved, and evidence that he was then acting and claiming to act as a police officer was not sufficient, and the defendant was entitled to a verdict. But the judge ruled otherwise; and instructed the jury that this evidence was competent and sufficient to show the authority of Waitt to act as a police officer, if it was believed by them.

" The defendant also requested a ruling that the failure to complain against and prosecute him for the offence, if any, for which he was arrested, made the officer a trespasser, and the defendant had the right to resist him; and referred to the St. of 1869, *c.* 415, § 42. But the judge instructed the jury that this was entirely immaterial, and that such failure to complain and prosecute could not avail the defendant.

. " The judge further instructed the jury as follows: ' If there was a noise, about two o'clock in the night, amounting to a breach of the peace, in the house, (that is, such a noise as disturbed the neighborhood,) the officer had a right to enter the house by opening an unfastened door; and if, after so entering,

the officer saw the defendant fighting with any other person, or assaulting any person, or engaged in attempting to strike any person there within his reach, so as to create a reasonable belief that he could strike unless prevented, he had a right to arrest and hold him, to prevent any further assault, by suitable and reasonable means ; and if the defendant assaulted the officer while thus engaged in arresting or holding him, he may be convicted ; but unless these facts are substantially proved, he must be acquitted.'

" After this instruction, the defendant requested the judge to instruct the jury further, that, if the officer undertook the arrest of the defendant because he had been disturbing the peace, and it did not appear that he had individually made any disturbance, then the arrest was unlawful and the defendant had the right to resist ; but the judge declined to modify or add to his instructions."

*S. B. Ives, Jr.*, for the defendant. There was no sufficient proof that Waitt was a police officer; and no proof that he had any of the powers of a constable, if he was a police officer. But even if he was a police officer with all the powers of a constable, he was a trespasser, and the defendant had the right to resist an arrest. St. 1869, *c.* 415, § 42. *Malcolm* v. *Spoor*, 12 Met. 279. *Spoor* v. *Spooner*, Ib. 281. *Williams* v. *Powell*, 101 Mass. 467.

Further, the case shows that Waitt claimed only to have arrested the defendant for " disturbing the peace." His right to arrest without a warrant was confined to offences committed in his presence, except in cases of felony. *Commonwealth* v. *Carey*, 12 Cush. 246. *Commonwealth* v. *McLaughlin*, Ib. 615. The right of the defendant to resist the arrest may well be held to depend upon what the officer stated to him. And if he stated at the time, that he made the arrest for a specific offence, the defendant was not bound to submit to the arrest if he had not committed that offence. The defendant was therefore entitled to the final instruction which he requested. The officer cannot be permitted to make the defendant guilty, by now setting up that he had the right to make the arrest because the defendant had committed, or was about to commit, another and different offence.

*C. Allen*, Attorney General, for the Commonwealth.

GRAY, J.   1. The evidence that the person assaulted was, at the time of the assault, and with the defendant's knowledge, acting as a police officer, and wearing the uniform and badge of such an officer, was competent and sufficient evidence of his official capacity to be submitted to the jury.   The want of similar proof as to any other time might affect the weight, but not the competency, of this evidence.   *Commonwealth* v. *Kane, ante,* 423.   *Sawyer* v. *Steele,* 3 Wash. C. C. 464.   *Plumer* v. *Brisco,* 11 Q. B. 46.   *Regina* v. *Vickery,* 12 Q. B. 478.   *Regina* v. *Murphy,* 8 C. & P. 297, 310.

2. A constable has the right, by virtue of his office, and without any warrant, to enter any house, the door of which is unfastened, and in which there is a noise amounting to a breach of the peace, and to arrest any person engaged in an affray or in committing an assault in his presence, and hold him by suitable means for a reasonable time to prevent any further assault ; and an assault by such a person upon the officer so arresting and holding him is an assault upon an officer in the discharge of his duty. *Commonwealth* v. *Hastings,* 9 Met. 259.   Any affray or assault is a disturbance of the peace, and might properly be so called by the officer in answering the defendant's inquiry as to the cause of his arrest.   The final instruction given to the jury was therefore correct and sufficient.

3. The subsequent failure of the officer to make a complaint before a magistrate against his prisoner for the offence for which he had arrested him — whatever effect it might have to render the officer liable to an action of trespass by the latter — cannot affect the question whether his assault upon the officer was a breach of the criminal law.   This question depended upon the facts and circumstances existing at the time when the assault was made.   One ground of the doctrine of trespass *ab initio,* which, for reasons of public policy and the protection of the citizen against oppression, will not allow one, who abuses an authority given him by the law, to shelter himself under such authority when sued by the person injured by the abuse, is, that the citizen is bound to submit without resistance to its lawful exercise. *Esty* v. *Wilmot,* 15 Gray, 168, 169.   The doctrine of trespass *ab*

*initio* has no application to criminal cases. The degree of a crime, once completed, cannot be aggravated by the subsequent act of the criminal, or lessened by that of a third person. In *State* v. *Moore*, 12 N. H. 42, it was held that a person who had lawfully entered a house could not be made a burglar by afterwards stealing therein. The subsequent act or omission of the officer, not part of the same transaction, nor immediately connected in point of time with his arrest of his prisoner or the assault upon him by the latter, was not admissible in evidence against the Commonwealth in a prosecution for that assault. The offence of the defendant was complete as soon as he had assaulted the officer lawfully holding him, and might have been immediately made the subject of an indictment. The subsequent failure of the officer to do a distinct act, which the law required him to do in the further discharge of his duty, could no more affect the degree of the defendant's previous offence than it could the question of probable cause for such a prosecution. *Wilder* v. *Holden*, 24 Pick. 8. *Williams* v. *Babbitt*, 14 Gray, 141, 142. If the officer had no authority to discharge his prisoner from custody without bringing him before a magistrate, he certainly had no greater authority to release him from his responsibility to the Commonwealth for the offence already committed. It was therefore rightly ruled that the failure of the officer to complain against and prosecute the defendant for that offence could not avail him in this case.

It would seem, from the bill of exceptions, that the only cause for the arrest of the defendant, upon which the Commonwealth relied at the trial, or was allowed by the court to sustain the indictment, was a disturbance or breach of the peace. But if the defendant, at the time of assaulting the officer, was under arrest because he had been found in a state of intoxication committing a breach of the peace, the result must have been the same. By the St. of 1869, *c.* 415, § 42, if any person "is found in any place in a state of intoxication committing a breach of the peace, or disturbing others by noise," any constable or police officer ' shall without a warrant take him into custody, and detain him in some proper place until, in the opinion of such officer, he is so far recovered from his intoxication as to render it proper to carry

him before a court of justice ; " and " the officer shall then take him before some justice of the peace or police court in the city or town where he has been found, and shall make a complaint against him for the crime of drunkenness." If the defendant was arrested by the officer as directed by the first clause of this section, his assault upon the officer while thus lawfully under arrest was not rendered less criminal by the subsequent failure of the officer to comply with the second clause of the statute.

*Exceptions overruled.*