## COMMONWEALTH *vs.* TIMOTHY COUGHLIN.

Suffolk.   Nov. 26. — Dec. 31, 1877.   COLT & LORD, JJ., absent.

The St. of 1876, *c.* 17, authorizing the arrest of intoxicated persons without a war-
rant, covers the case of a person found in a public place in a state of intoxication,
whether the intoxication was or not produced by means which render the intoxi-
cated person guilty of the crime of drunkenness under the Gen. Sts. *c.* 165, § 25.
A person who is arrested on a charge of drunkenness by an officer in the discharge
of his duty without a warrant, under the St. of 1876, *c.* 17, and who commits an
assault upon the officer while under arrest, may be convicted of such assault,
although he has been acquitted of the charge of drunkenness in the lower court ;
such acquittal not being conclusive evidence that he was not drunk when ar-
rested, nor that the officer was not in the discharge of his duty in making the
arrest.

INDICTMENT for assault upon an officer while in the discharge
of his duty.

At the trial in the Superior Court, before *Dewey*, J., it ap-
peared that the defendant had been arrested under the St. of
1876, *c.* 17, by Emery A. Dresser, a police officer of the city of
Boston, without a warrant, on a charge of drunkenness ; that he
was tried for this offence before a court of competent jurisdic-
tion, and was found not guilty and discharged ; and that while
under arrest on the charge of drunkenness, and when about to
be locked up by the officer, he committed the assault com-
plained of.

The defendant requested the judge to instruct the jury that the
officer, having arrested the defendant without a warrant, on the
charge of drunkenness, of which the defendant was found not
guilty after due hearing and trial, was a trespasser, and guilty of
an illegal arrest ; that said trespass and illegal arrest continued,
and that he could not therefore be considered as an officer in the
discharge of his duty when assaulted. There was evidence tend-
ing to show that the defendant was drunk when arrested, and
this was not denied by the defendant in his testimony on the
stand.

The judge declined to rule as requested ; but instructed the
jury that the officer had a right to arrest for drunkenness with-
out a warrant ; that the discharge of the defendant in the lower
court was not conclusive that he was not drunk ; and that the
jury might on this evidence convict the defendant of an assault,

as charged in the indictment, on an officer in the discharge of his duty.

The jury returned a verdict of guilty; and the defendant alleged exceptions to the ruling and refusal to rule as requested.

*W. W. Doherty*, for the defendant.

*W. C. Loring*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.

SOULE, J.   The crime of drunkenness as set forth in the Gen. Sts. *c.* 165, § 25, is "drunkenness by the voluntary use of intoxicating liquor." It is possible, therefore, that one may be drunk without being guilty of the offence described. Arrested in a public place, kept in custody till sober, and then brought before a court of justice, he may be able to show that the intoxication, which he admits existed, was produced by some other cause or means than the voluntary use of intoxicating liquor. If he does this, he is entitled to acquittal and discharge.

The right of an officer to arrest without a warrant reaches, by the St. of 1876, *c.* 17, the case of any person found in a public place in a state of intoxication, and does not depend on the intoxication having been produced by means which render the intoxicated person guilty of the crime of drunkenness. The mere fact therefore, that one arrested, by an officer without a warrant, for drunkenness, was acquitted at the trial of the complaint, is not conclusive evidence that he was not drunk when arrested, nor that the officer was not in the discharge of his duty in making the arrest and keeping him in custody afterward, as a preliminary to making complaint against him. The instructions asked for by the defendant were therefore properly refused; and there is nothing in the exceptions to show that the instructions given were not warranted by the evidence in the case.                            *Exceptions overruled.*