MARGARET FORD *vs.* DENNIS J. BREEN & another.

Middlesex. January 25, 1899. — March 2, 1899.

Present : HOLMES, KNOWLTON, MORTON, & LATHROP, JJ

*Arrest without a Warrant — Dwelling-house — Instructions — Illegal Arrest and Imprisonment — Answer — Evidence.*

The words "any place," in St. 1891, c. 427, § 1, which provides for the arrest without a warrant of intoxicated persons in certain cases, include a dwelling-house; and, in an action against a police officer for alleged illegal arrest of the plaintiff while intoxicated and committing a breach of the peace in a dwelling-house where he resided, a ruling that, if the defendant found the door of the house open he had a right to enter without an express or implied invitation, is correct.

In an action for illegal arrest and imprisonment of the plaintiff by the defendant while acting as a police officer, the answer alleged that the defendant found a large crowd in front of the plaintiff's house, heard profane and obscene language therein, entered the house by an open door and found the plaintiff intoxicated and making the noise, and arrested him and retained him in custody until the following morning, when he was brought before the court, charged with the crime of drunkenness, and was adjudged guilty upon his plea of guilty. *Held,* that the averments were sufficient to warrant the introduction by the defendant of evidence that he arrested the plaintiff conformably to the provisions of St. 1891, c. 427, § 1, which provide for the arrest without a warrant of intoxicated persons in certain cases.

TORT, for illegal arrest and imprisonment of the plaintiff by the defendants, while acting as police officers in Lowell. The answer alleged that on or about August 15, 1896, the defendants, in consequence of complaints made to them, " went to the house where the plaintiff and her husband reside, at about eleven o'clock in the evening; found a large crowd collected upon the sidewalk in front of said house, and heard violent,

profane, and obscene language used by some person within said house; that thereupon defendants entered the house by an open door, and, finding plaintiff and her husband therein drunk and making the noise and disturbance aforesaid, arrested the plaintiff and her said husband, and retained them in custody until the following morning, when they were brought before the Police Court of Lowell, charged with the crime of drunkenness, of which crime they were adjudged guilty upon their several pleas of guilty." The answer also, except as above admitted, set up a general denial.

At the trial in the Superior Court, before *Hopkins*, J., the jury returned a verdict for the defendants; and the plaintiff alleged exceptions, which appear in the opinion.

*J. F. Manning*, for the plaintiff.

*F. W. Qua*, for the defendants.

KNOWLTON, J. This is an action of tort against two police officers, for an alleged illegal arrest and imprisonment. The evidence tended to show that the plaintiff was intoxicated, and was committing a breach of the peace in a dwelling-house where she resided, and that the defendants entered the house and arrested her there without a warrant. The plaintiff excepted to the refusal of the judge to rule that the defendants had no right to arrest her in her dwelling-house, and to his ruling that, if she was in a state of intoxication, committing a breach of the peace or disturbing others, the defendants were authorized to make the arrest. This ruling was precisely in accordance with St. 1891, c. 427, § 1, which provides that "Whoever is found in a state of intoxication in a public place, or is found in any place in a state of intoxication committing a breach of the peace or disturbing others by noise, may be arrested without a warrant by a sheriff, deputy sheriff, constable, watchman, or police officer," etc. The plaintiff contends that the words "any place" were not intended to include a dwelling-house; but there is no good foundation for this contention. No expression could be found that would be broader in its inclusiveness. The case of *Commonwealth* v. *Tobin*, 108 Mass. 426, 429, is a direct adjudication against the plaintiff's contention. See also *Parker* v. *Barnard*, 135 Mass. 116, 117.

The averments of the answer, setting up a justification, were

sufficient to warrant the introduction of the evidence relied on by the defendants. The ruling that, if the defendants found the door of the house open, they had a right to enter the house without an express or implied invitation, was correct.

*Exceptions overruled.*