## EL PUEBLO *v.* TORRES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 475.—Resuelto en noviembre 26, 1912.

DERECHO PENAL—ALTERACIÓN DE LA PAZ PÚBLICA—MALICIOSA Y VOLUNTARIAMENTE.—Examinada la prueba en el caso de autos, se resolvió que el apelante no obró maliciosa y voluntariamente y que los actos realizados por él fueron ejecutados en defensa propia para repeler el acometimiento ilegal de que fué objeto por parte del otro acusado.

ID.—DEFENSA PROPIA—ACOMETIMIENTO.—De acuerdo con los artículos 52 y 54 del Código Penal, la persona contra quien se intente algún daño puede oponer la resistencia necesaria para impedir una ofensa contra su persona, su familia o algún miembro de esta, y la persona que es atacada por otra no está obligada a huir, esconderse o correr por las calles para ponerse a salvo de su agresor.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Enrique Pousa Parés.*

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

En este caso se presentó denuncia en la Corte Municipal de San Juan, contra Juan N. Torres que es el apelante y Angel Orraca, por el delito de haber alterado la paz maliciosa y voluntariamente en riña que sostuvieron mutuamente el día 2 de junio último, en la pista del hipódromo. El juicio de dicha causa tuvo lugar ante dicha corte municipal, dictándose sentencia contra el acusado, que es el apelante ante esta corte. Se interpuso la debida apelación contra la sentencia dictada por la Corte Municipal a la Corte de Distrito de San Juan; y en 5 de julio último fué nuevamente declarado, culpable del delito de alteración de la paz y condenado a pagar una multa de $15 y las costas, y en defecto de pago a sufrir un día de cárcel por cada dollar de multa que dejare de satisfacer. Se interpuso una segunda apelación de la sentencia dictada por la corte de distrito para ante esta corte, y el caso está ahora sometido a nuestra consideración.

De la exposición del caso que ha sido presentada a este tribunal tomamos los siguientes hechos:

Uno de los testigos, Agustín Feliú, declaró como sigue:

"Que vive en la calle del Sol No. 55, y conoce al acusado y a Angel Orraca; que él día 2 de junio los vió en el hipódromo y durante una carrera en que hubo un empate de dos caballos, dijo Orraca: 'Yo sabía esto ya; yo sabía que estos caballos iban a empatar'; que entonces el joven Torres le dijo: 'Como Ud. es un perito en esto,' que parece que eso le fué mortificante a Orraca y le dijo: 'Perito no; yo no vivo del hipódromo, y tengo dinero encima,' el joven Torres le dijo, 'yo tampoco vivo,' y le dijo Orraca, 'si quiere saber más explicaciones vámonos afuera'; que salieron y unas cuantas personas se les fueron detrás, y llegó el policía y nosotros, y los quitamos. Que allí no hubo riña, se metió el policía y volvieron para atrás, y Orraca le dijo entonces, 'a la salida nos veremos' y Torres le contestó, 'como Ud. guste.' Que a la salida iba detrás

de ellos porque esperaba algo y al salir Orraca le dijo a Torres 'véngase al café' y como Torres le contestó que no, Orraca le echó mano por la camisa y le rompió tres botones. En este momento se reunió por allí la gente que salía del hipódromo.

"A repreguntas de la defensa, el testigo dijo que Orraca agarró por la camisa a Torres y le tiró, y que Torres se defendió."

Juan Rivera, otro de los testigos, declaró lo siguiente:

"Que vive en Santurce y conoce de vista al acusado, que recuerda que el 2 de junio era domingo y que estando en el hipódromo el acusado y otro, tenían una conversación respecto a unos caballos, y el otro señor le dijo a Torres, 'que él sabía que esos caballos iban a empatar' y Torres le contestó, 'entonces Ud. es un perito en récords de caballos,' a lo que contestó el otro 'que no era perito ni que tampoco vivía del hipódromo; que él traía dinero y que si quería saber algo más tenía que salir afuera'; que salieron los dos afuera, discutieron, volvieron para atrás, y que cuando salieron en grupo para afuera, estaba Orraca parado en la calle, y cuando salió Torres en compañía de muchos más, aquél le dijo a éste, que se echara para allá y Torres le contestó que no; que después le dijo que fuera al cafetín, y también le dijo que no; que a consecuencia de esas palabras acudió gente, que estaba el policía y le preguntó si había visto eso y lo apuntó.

"A preguntas de la defensa el testigo dijo que riñeron al salir del hipódromo en la calle de éste, que hubo un tumulto y que la riña fué por la discusión que había tenido adentro; que el Sr. Orraca le decía a Torres que se fuera con él y Torres le decía que no, y entonces Orraca le tiró a Torres, llegó la policía y los denunció."

Esta fué toda la prueba presentada por el Fiscal.

Entonces el acusado, Juan N. Torres, declaró en su propia defensa, como sigue:

"Lo que voy a decir es lo mismo que han dicho los demás testigos; Orraca parece que se consideró ofendido por la frase que le dije, 'que era una potencia en récords de caballos,' y me desafió; me esperó a la salida, me empuñó por la camisa, me defendí, y llegó el policía cuando estábamos agarrados los dos."

No consta ninguna otra prueba en los autos.

El apelante en este caso funda su apelación en el hecho de que la corte sentenciadora no estimó debidamente la fuerza y

efecto de la prueba presentada en el juicio, no habiendo, por consiguiente, prueba suficiente en la que pudiera fundarse el delito imputado contra él en la acusación. ·

El apelante también alega que la prueba demuestra que la acción tomada por él en relación con esta cuestión, así como si tomó alguna participación en la alteración a que se refiere la acusación, fué estrictamente de conformidad con los derechos de defensa propia, y que no alteró la paz o tranquilidad del vecindario maliciosa y voluntariamente o por medio de una riña.

De acuerdo con el Código Penal, artículo 559, párrafo 4°. las palabras "malicia" y "maliciosamente" denotan la comisión de un acto dañoso, intencionalmente, sin justa causa o excusa, y en el párrafo 1°. de dicho artículo se define la palabra "voluntariamente" cuando se aplica a la intención con que se ejecute un acto, en el sentido de significar simplemente un propósito o voluntad de cometer el acto.

De una lectura de la prueba a que se ha hecho referencia resulta claramente que el apelante no obró voluntaria y maliciosamente; y que en suma los actos realizados por él fueron en defensa de su persona, para impedir el acometimiento ilegal de su codemandado Orraca. En este caso no es necesario hablar más ampliamente acerca del derecho a la propia defensa, que se le concede a todo ciudadano por la ley general del país, especialmente por el artículo 52 de nuestro Código Penal, que declara, que la persona contra quien se intente algún daño podrá oponer la necesaria resistencia para impedir una ofensa contra su persona, o su familia, o algún miembro de ésta. Es cierto que este derecho está limitado por el artículo 54 del propio Código a oponer la necesaria resistencia para impedir la ofensa. Torres, aunque no tenía el derecho de provocar una riña, tenía el de defenderse contra el ataque de Orraca y no estaba obligado a huir, esconderse, o correr por las calles para ponerse a salvo de su agresor; pero si se examina cuidadosamente la prueba se verá que ni

siquiera apareció de la misma que éste levantara un dedo en forma agresiva, o que dijera alguna palabra que pudiera ser considerada como provocativa o que diera lugar a una alteración de la paz.

Por tanto, puesto que los hechos aquí presentados no justifican la sentencia que fué dictada por la corte inferior debe la misma ser revocada y absolverse al acusado.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.