EL PUEBLO, DEMANDANTE Y APELADO, *v.* FRANQUIS, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao, en causa por alteración de la paz pública.

No. 1094.—Resuelto en noviembre 27, 1916.

ALTERACIÓN DE LA PAZ PÚBLICA — RIÑA — PRUEBA CONTRADICTORIA — DEFENSA PROPIA.—Cuando los testigos de El Pueblo se limitan a declarar que hubo riña entre el apelante y otro acusado, ignorando quién la provocara, y los de la defensa afirman que el apelante fué agredido por el otro acusado, no existe conflicto alguno en la prueba, pudiendo ésta armonizarse en el sentido de que hubo riña originada por la agresión del otro acusado. No cabe afirmar que maliciosa y voluntariamente perturbara la paz quien no hizo otra cosa que oponer la necesaria resistencia para impedir una ofensa contra su persona.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan B. Huyke.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de un recurso de apelación interpuesto por el acusado Eloy Franquis contra sentencia que en 28 de diciembre de 1915 dictó la Corte de Distrito de Humacao, mediante celebración de nuevo juicio, por la que le condena como culpable del delito de turbar la paz pública a la pena de $30 de multa y en defecto de pago a un día de cárcel por cada dólar que deje de satisfacer, y las costas.

El apelante Eloy Franquis fué denunciado en unión de otros ante la Corte Municipal de San Lorenzo, por haber reñido voluntaria y maliciosamente en la plaza pública de Juncos, del Distrito Judicial Municipal de San Lorenzo, dentro del Distrito Judicial de Humacao, alterando de ese modo la paz de las personas que estaban paseando en dicha plaza.

Funda el apelante su recurso en que la Corte de Distrito de Humacao, cometió error al apreciar la prueba presentada en el juicio.

Hemos examinado esa prueba y encontramos que los dos

únicos testigos de cargo declaran que vieron riñendo a Villa-fañe y a Franquis, sin que ninguno de ellos sepa cómo empezó la riña ni quién la provocara, mientras que el acusado y dos testigos más de descargo afirman que Villafañe agredió a Franquis agarrándolo por el cuello en momentos en que salía de la alcaldía del pueblo de Juncos, de modo tal que no podía defenderse.

Sostiene la representación del apelante que este caso cae de lleno bajo la resolución de esta Corte Suprema en el caso de *El Pueblo* v. *Torres,* 18 D. P. R. 933, lo que admite el Fiscal si fuera cierta la prueba de descargo y no existiera prueba de cargo que tratara de justificar que el acusado entró voluntaria y maliciosamente en la reyerta, por lo que ha-biendo prueba contradictoria incumbía a la corte inferior dirimir el conflicto, siendo aplicable al caso la jurisprudencia de esta corte en el caso de *El Pueblo* v. *Serrano,* 21 D. P. R. 511.

Opinamos que la prueba de descargo no está en conflicto con la de cargo, pues los testigos de El Pueblo se limitan a declarar que hubo riña, ignorando quién la provocara, y los de la defensa afirman que el apelante fué agredido por Villa-fañe, agarrándolo por el cuello al salir de la alcaldía de Juncos. La prueba de cargo y la de descargo pueden armo-nizarse en el sentido de que aunque hubo riña fué provocada por Villafañe, y si hubo tal provocación no cabe afirmar que Franquis maliciosa y voluntariamente perturbara la paz, re-quisito indispensable para incurrir en la sanción que marca el artículo 368 del Código Penal, pues no hizo otra cosa que oponer la necesaria resistencia a Villafañe para impedir una ofensa contra su persona, ejercitando el derecho que le con-cede el artículo 52 de nuestro Código Penal, sin que aparezca que causara daño alguno al agresor. No es de aplicación al presente caso la decisión de esta Corte Suprema en el caso de *El Pueblo* v. *Serrano,* sino la del caso de *El Pueblo* v. *Torres,* ambas citadas anteriormente.

Es de revocarse la sentencia apelada, absolviendo al acusado-apelante con las costas de oficio.

*Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.