PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* FERNANDO
CASTRO-VALLE, Defendant and Appellant.

No. 3155. Argued May 12, 1927.—Decided July 26, 1927.

*Rafael Padró Parés* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant, to combat a judgment against him for disturbing the peace, alleges that the transcribed evidence only tends to show a mutual combat and that there was no evidence presented to show that he commenced the combat which led to the disturbance. The *fiscal* is somewhat doubtful inasmuch as the governmental witnesses did not see the beginning of the fight. However, one policeman testified that both participants were not only fighting but were each throwing stones at the other. Another witness gave testimony tending to show that the defendant was throwing stones at the other alleged combatant.

Section 368 of the Penal Code provides:

"Every person who maliciously and wilfully disturbs the peace or quiet of any neighborhood or person, by loud or unusual noise, or by tumultuous or offensive conduct, or threatening, traducing, quarrelling, challenging to fight or fighting, or who on the public streets of any city or village, or upon the public highways fires any gun or pistol, or uses any vulgar, profane or indecent language within the presence or hearing of women or children, in a loud and boisterous manner, is guilty of a misdemeanor, . . ."

It is evident that anybody who engages in a fight is, under this section, guilty of a breach of the peace. Anybody engaging maliciously and wilfully in an affray or assault is, under the authorities, guilty of a breach of the peace. 8 R. C.L. 285; *Com.* v. *Tobin,* 108 Mass. 426, 11 A. R. 375; 2 R.

C.L. 448, 449; 4 California Jurisprudence, 474; *Larue* v. *Davis*, 97 Pac. 904. If people engage in a fight by throwing stones or firing pistols, or otherwise, they are prima facie guilty of a breach of the peace, providing that somebody is disturbed by their conduct.

Under section 247 of the Code of Criminal Procedure the commission of a homicide by a defendant being proved, the burden of proving circumstances of mitigation or that justify or excuse it devolves upon him, etc. This section presents an analogy to the case at bar, and a defendant who engages in a fight has to justify his action.

The appellant, however, maintains that none of the witnesses saw the beginning of the fight and that the weight of the evidence shows that the other combatant was the assailant. He maintains that his actions were solely in self-defense, but he does not admit that he was throwing stones nor does he attempt to show by direct evidence that he was throwing stones in self-defense.

The appellant relies on the case of *People* v. *Franquis,* 24 P.R.R. 575. That decision shows that in that case no one saw the beginning of the fight and several witnesses gave testimony in favor of the defendant. While probably in the *Franquis Case* we thought that the court below proceeded on the theory that in a mutual combat both combatants were guilty, yet the real *ratio decidendi* of the decision was, under the facts of that case, that the court ought to have believed the statements of the defendant and his witnesses.

To reverse this judgment it would be necessary to say that the court ought to have believed the statement of the defendant alone. Even if the latter had been supported by other witnesses the court was not obliged to believe them, or to follow the theory of the defense. When a man is found throwing stones at another he ought to show that he was justified in taking that action.

The complaint charged a violation of the peace. Where

a man engages in a fight it is generally unnecessary to show that the peace of any particular person was disturbed. 8 R. C.L. 284.

The judgment should be affirmed.

Mr. Justice Hutchison dissented.