El Pueblo de Puerto Rico, demandante y apelado, v. Fernando Castro Valle, acusado y apelante.

No. 3155.—*Visto:* Mayo 12, 1927. *Resuelto:* Julio 26, 1927.

Alteración de la Paz—Evidencia—Peso de la Prueba—Justificación o Excusa.—De acuerdo con el artículo 368 del Código Penal, cuando una persona toma parte en una riña tirando piedras, *prima facie* es culpable de alterar la paz, y a él corresponde demostrar entonces que estaba justificado a proceder de ese modo.

Sentencia de *E. S. Mestre,* J. (Aguadilla), condenando al acusado por delito de Alterar la Paz. *Confirmada.*

*Rafael Padró Parés,* Abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El apelante, para atacar una sentencia contra él por alterar la paz, alega que la evidencia transcrita solamente tiende a demostrar una riña mutua y que no se presentó prueba alguna para demostrar que él fué el promovente de la contienda que dió lugar a la alteración de la paz. El fiscal tiene algunas dudas, ya que los testigos de El Pueblo no vieron el principio de la pelea. Sin embargo, un policía declaró que ambos contendientes no solamente peleaban sino que mutuamente se tiraban piedras. Otro testigo declaró tendente a demostrar que el acusado tiraba piedras al otro supuesto contendiente.

El artículo 368 del Código Penal dispone:

"Toda persona que maliciosa y voluntariamente perturbare la paz o tranquilidad de algún vecindario o individuo, con fuertes e inusitados gritos, conducta tumultuosa y ofensiva, o amenazas, vituperios, riñas, desafíos o provocaciones, o que en las calles de alguna ciudad o pueblo, o en las vías públicas dispare algún arma de fuego, o hiciere uso de lenguaje grosero, profano o indecoroso en presencia o al alcance del oído de mujeres o niños, en forma estrepitosa o inconveniente incurrirá en *misdemeanor* . . ."

Es evidente que de acuerdo con este artículo cualquier persona que tome parte en una riña es culpable de alteración de la paz. De acuerdo con las autoridades, cualquier

persona que maliciosa y voluntariamente toma parte en una pelea o en un acometimiento es culpable del delito de alterar la paz. 8 R.C.L. 285, *Com.* v. *Tobin*, 108 Mass. 426, 11 A. R. 375; 2 R.C.L. 448, 449; 4 California Jurisprudence 474, *Larue* v. *Davis*, 97 Pac. 904. Las personas que toman parte en una riña, tirándose piedras, haciéndose disparos de armas de fuego o en alguna otra forma, *prima facie* son culpables de alterar la paz, siempre que su conducta perturbe a alguien.

De acuerdo con el artículo 247 del Código de Enjuiciamiento Criminal, en los juicios por asesinato, una vez probado que la muerte ha sido consumada por el acusado, será de la incumbencia de éste el probar que han mediado las circunstancias atenuantes que excusen o justifiquen el hecho, etc. Este artículo ofrece analogía con el presente caso, y un acusado que toma parte en una riña tiene que justificar su actitud.

Sin embargo, el apelante sostiene que ninguno de los testigos vió el principio de la riña, y que el peso de la prueba demuestra que el otro contendiente fué el agresor. Sostiene que actuó tan sólo en defensa propia, pero no admite que tiraba piedras, ni trata de demostrar con prueba directa que las tiraba en defensa propia. El apelante confía en el caso de *El Pueblo* v. *Franquis*, 24 D.P.R. 615. Esa decisión demuestra que en dicho caso nadie vió el principio de la riña y varios testigos declararon a favor del acusado.

Si bien probablemente en el caso de Franquis creímos que la corte inferior procedió bajo la teoría de que en una riña mutua ambos contendientes eran culpables, sin embargo, el verdadero *ratio decidendi* de la decisión fué, bajo los hechos de dicho caso, que la corte debió haber creído las declaraciones del acusado y sus testigos.

Para revocar esta sentencia sería necesario decir que la corte debió haber creído la declaración del acusado solo. Aún si éste último hubiese sido sostenido por otros testigos la corte no estaba obligada a creerlos o a seguir la teoría de

la defensa.   Cuando se encuentra a un hombre tirando piedras a otro, debe éste demostrar que estaba justificado a proceder de este modo.

La denuncia imputaba una alteración de la paz.   Cuando un hombre toma parte en una riña, generalmente es innecesario demostrar que se alteró la paz de determinada persona. 8 R.C.L. 284.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Hutchison disintió.