(No. 19830.—

ROSE KOMOROWSKI, Plaintiff in Error, *vs.* THE BOSTON STORE OF CHICAGO, Defendant in Error.

*Opinion filed October 25, 1930.*

CORINNE L. RICE, and SIMPSON & BAKER, for plaintiff in error.

MOSES, KENNEDY, STEIN & BACHRACH, (HAMILTON MOSES, ALBERT LANGELUTTIG, and ARTHUR MAGID, of counsel,) for defendant in error.

Mr. COMMISSIONER EDMUNDS reported this opinion:

On December 16, 1920, plaintiff in error, Rose Komorowski, (then unmarried and bearing the name of Rose Schramko,) filed suit in the circuit court of Cook county against defendant in error, the Boston Store of Chicago, a corporation. The declaration included counts in assault, slander, assault and false imprisonment, and arrest and false imprisonment. Trial of the case resulted in a directed verdict for defendant in error, and upon appeal the judgment of the circuit court was reversed and the cause remanded. (243 Ill. App. 251.) Another trial was had. The testimony given by plaintiff in error was to the effect that on September 23, 1920, she was placed under arrest by Charles Sullivan, an agent of defendant in error, and charged with the offense of stealing a bracelet valued at $1.19, which she had, in fact, bought and paid for, and that said agent stated to her that a clerk told him plaintiff in error had stolen it. The evidence offered by defendant in error was to the effect that Sullivan was a police officer of the city of Chicago who saw her take the bracelet, and that she admitted shortly thereafter that she did steal it. The jury brought in a verdict of not guilty and judgment was entered for defendant in error. This writ of error to review the record has been sued out of this court on the theory that constitutional questions are involved in the giving of certain instructions.

Instruction 22 given at the request of defendant in error was as follows:

"The court instructs the jury that an arrest may be made by a police officer or by a private person without warrant for a criminal offense committed or attempted in his presence, and by a police officer when a criminal offense has in fact been committed and he has reasonable grounds for believing that the person to be arrested has committed it."

Instruction 47, also given at the request of defendant in error, was to the effect that there was in force on Sep-

tember 23, 1920, in the city of Chicago, an ordinance which provided that members of the Chicago police force had power to arrest all persons in the city found in the act of violating any law, and that they should arrest any person found under circumstances which would warrant a reasonable man in believing that such person had committed or was about to commit a crime. The instruction was to the further effect that if the jury found that Sullivan was a member of the Chicago police force at that time and was at the time performing his duties as a member of such force, and if plaintiff in error at such time was found by Sullivan under circumstances which would warrant a reasonable man in believing that she had committed or was about to commit the crime of larceny, then her arrest was lawful and not wrongful.

The contention of plaintiff in error is that instruction 22 is in the precise words of the paragraph of the Criminal Code dealing with the power of officers to arrest without warrant, (Cahill's Stat. 1929, chap. 38, par. 681,) and that such statutory provision is invalid because it is in conflict with the due process clauses of the Federal and State constitutions; (const. of U. S., amendment 14; const. of Illinois, art. 2, sec. 2;) that the ordinance referred to in instruction 47 was necessarily invalid because in conflict with the same due process clauses, and that in any event, apart from the statutory or ordinance provisions in question, the rule of law laid down by instructions 22 and 47 conflicts with the due process clauses and thereby presents a question of construction of the constitution. In support of this contention plaintiff in error urges that what is "due process" with regard to the making of arrests must be determined by the circumstances under which arrests were held permissible at the common law; that at common law an officer could arrest without a warrant one believed by the officer, upon reasonable cause, to have been guilty of a felony, but in the case of misdemeanors he could arrest only for breaches

of the peace committed in his presence, and that, therefore, the instructions here given, purporting to allow the officer to arrest upon reasonable belief, without a warrant, for a misdemeanor not a breach of the peace, are in direct conflict with the above mentioned constitutional provisions. In other words, plaintiff in error contends that the legislature is powerless to pass a statute which promulgates any other than the ancient maxims in this regard, and that therefore no effect can be given to the expression of our General Assembly which is involved as above stated.

We doubt whether any constitutional question can fairly be said to be presented by such a contention. It has long been settled that while this State has adopted the common law, such adoption has extended only to cases where that law is applicable to the habits and condition of our society and in harmony with the genius, spirit and objects of our institutions. (*Boyer* v. *Sweet*, 3 Scam. 120.) It is too well settled to require discussion that a person has no property—no vested interest—in any rule of the common law. That is only one of the forms of municipal law and is no more sacred than any other.' Indeed, the great office of statutes is to remedy defects in the common law as they are developed and to adapt it to the changes of time and circumstances. (*Munn* v. *Illinois*, 94 U. S. 113; *Second Employer's Liability case*, 223 U. S. 1; *Deibeikis* v. *Link-Belt Co.* 261 Ill. 454; *Bertholf* v. *O'Reilly*, 74 N. Y. 509; *Jensen* v. *Southern Pacific Co.* 215 id. 514; *Sexton* v. *Newark Telephone Co.* 84 N. J. L. 85, 86 Atl. 451; *State* v. *Creamer*, 85 Ohio St. 349, 97 N. E. 602; *Borgnis* v. *Falk Co.* 147 Wis. 327, 133 N. W. 209; *State* v. *Clausen*, 65 Wash. 156, 117 Pac. 1101; *Western Indemnity Co.* v. *Pillsbury*, 170 Cal. 686, 151 Pac. 398; Pound on Spirit of the Common Law, pp. 175, 176.) As pointed out in *Price* v. *Tehan*, 84 Conn. 164, 79 Atl. 68, in many jurisdictions statutes have been enacted which regulate the subject of arrests in a manner deemed to be more suited to modern

conditions than does the common law, and the right to arrest has thereby been enlarged. The propriety of such legislative action has often been recognized and application of such provisions may be found in many cases. (*Tarantina* v. *Louisville and Nashville Railroad Co.* 254 Ill. 624; *Main* v. *McCarty*, 15 id. 441; *Shanley* v. *Wells*, 71 id. 78; *John Bad Elk* v. *United States*, 177 U. S. 529; *Polonsky* v. *Pennsylvania Railroad Co.* (C. C. A.) 184 Fed. 561; *Mayo* v. *Wilson*, 1 N. H. 53; *Danovan* v. *Jones*, 36 N. H. 246; *Commonwealth* v. *Wright*, 158 Mass. 149, 33 N. E. 82; *Ford* v. *Breen*, 173 Mass. 52, 53 N. E. 136; *Commonwealth* v. *Cheney*, 141 Mass. 102, 6 N. E. 724; *Commonwealth* v. *Coughlin*, 123 Mass. 436; *Commonwealth* v. *O'Connor*, 89 Mass. 583; *Davis* v. *American Society*, 75 N. Y. 362; *White* v. *Kent*, 11 Ohio St. 550; *Ballard* v. *State*, 43 id. 340, 1 N. E. 76; *Scircle* v. *Neeves*, 47 Ind. 289; *Stewart* v. *Feeley*, 118 Iowa, 524, 92 N. W. 670; *Burroughs* v. *Eastman*, 101 Mich. 419, 59 N. W. 817; *Roberts* v. *State*, 14 Mo. 138; *Hanser* v. *Bieber*, 271 Mo. 326, 197 S. W. 68; *Bursack* v. *Davis*, 225 N. W. (Wis.) 738; *State* v. *Cantieny*, 34 Minn. 1, 24 N. W. 458; *Oleson* v. *Pincock*, 251 Pac. (Utah) 23; *Southern Railway Co.* v. *Gresham*, 114 Ga. 183, 39 S. E. 883; *Porter* v. *State*, 124 Ga. 297, 52 S. E. 283; *Jacobs* v. *State*, 28 Tex. App. 79, 12 S. W. 408; *Ex parte Sherwood*, 29 id. 334, 15 S. W. 812.

Even assuming that a constitutional question be presented in this case by the contention made, it must be borne in mind that the statute prescribing the rule against which plaintiff in error complains has been in force since 1874, and has been recognized by this court, either directly or incidentally, in numerous decisions. (*Cahill* v. *People*, 106 Ill. 621; *North* v. *People*, 139 id. 81; *Lynn* v. *People*, 170 id. 527; *Enright* v. *Gibson*, 219 id. 550; *People* v. *Swift*, 319 id. 359; *People* v. *Scalisi*, 324 id. 131; *People* v. *Hord*, 329 id. 117; *People* v. *Caruso*, 339 id. 258.) As was said in *Linck* v. *City of Litchfield*, 141 Ill. 469: "If,

then, the question were originally a doubtful one, (a thing which we are by no means prepared to concede,) it has now become so thoroughly settled adversely to the present contention that it is no longer open to discussion."

The cause must be transferred to the Appellate Court for the First District. *People* v. *Forsyth,* 339 Ill. 381.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Cause transferred.*