EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ MANUEL SEVILLA y DOMINGO MATOS, acusados y apelante el segundo.

No. 4611.—*Sometido:* Abril 20, 1932. *Resuelto:* Abril 29, 1932.

*Armando A. Miranda,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Domingo Matos y José Manuel Sevilla fueron convictos

en una corte municipal de alteración de la paz. Sevilla satisfizo su multa y Matos apeló a la corte de distrito, donde luego de un juicio *de novo* fué nuevamente declarado culpable.

■ La denuncia imputa una infracción del artículo 368 del Código Penal por haberse reñido en cierta calle de determinado municipio, perturbándose de ese modo la paz y tranquilidad del inmediato vecindario. Nada hay que demuestre que se perturbara la paz de alguien en el vencindario, a no ser la del policía que fué un testigo presencial. Si un policía cae o no dentro de la protección del estatuto, es cuestión que no es necesario determinar ahora. Véase, sin embargo, 9 C.J 388, sección 4, nota 32.

■ El policía y Sevilla, inspector municipal de obras públicas, estaban conversando entre una y dos de la madrugada, cuando Matos, el alcaide municipal, llegó e informó al policía de una alteración de la paz ocurrida en otro sitio. Entonces sobrevino una conversación entre Matos y Sevilla y culminó en una riña. Sevilla propinó el primer golpe. Este puñetazo fué la respuesta inmediata a ciertas palabras de parte de Matos que Sevilla consideró ofensivas. Sevilla declaró como testigo de defensa en la corte de distrito que primero él insultó a Matos, quien replicó en forma similar, y que la trompada siguió a esta respuesta. El policía no recordaba quien inició la conversación entre Matos y Sevilla. Él no oyó la injuria que Sevilla, de acuerdo con su declaración, dirigió primero a Matos.

Puede admitirse que la prueba en conjunto no revela un caso tan claro como en los de *El Pueblo* v. *Torres*, 18 D.P.R. 933, y *El Pueblo* v. *Franquis*, 24 D.P.R. 615. Sin embargo, los hechos en el presente caso lo colocan, a nuestro juicio, dentro del principio de aquéllos. Para que una alteración de la paz constituya delito bajo el artículo 368 del Código Penal, debe ser voluntaria y maliciosa. La prueba en el caso de autos no establece el elemento de *mens rea*.

*Debe revocarse la sentencia apelada.*