COMMONWEALTH vs. CYNTHIA LEE MULLINS. No. 90-P-1308. December 11, 1991. *Constitutional Law,* Assistance of counsel. *Arrest. Disturbing the Peace.*

A criminal complaint issued on August 7, 1987, charging the defendant with disturbing the peace, a violation of G. L. c. 272, § 53, as appearing in St. 1983, c. 66, § 1. The case was transferred to the jury session of the District Court and the defendant was convicted on April 25, 1989.

We summarize the evidence on which the jury could have based their verdict. Twice, once at 6:30 P.M. and again just before 10:30 P.M., Officer Hopping of the Hamilton police department was dispatched to the defendant's residence because of neighbors' complaints of loud music "turned up full blast" from a radio in her upstairs window. As the officer walked from his cruiser to the house on his second visitation, he saw and heard the defendant yelling obscenities from the same window. Neighbors had gathered outside. Two Hamilton police officers, as well as a female police officer from neighboring Wenham, were called for back-up. After their initial efforts to quiet the defendant were unsuccessful, they made an entry into the house through a half-open door leading into a living room. Two young men were seated inside viewing television. (There was some evidence at trial that they consented to the officers' entry.) The same two individuals, however, declined the officers' request to call down the defendant, who had then barricaded herself in the bedroom by pushing a bureau against her door. The loud music continued. After several attempts to convince the defendant to open the door, Officer Hopping forced his way in and found the defendant, intoxicated, lying on the bed, talking on the telephone purportedly "with the F.B.I. and the Governor." The defendant was in a state of undress with a shirt around her shoulders and partially covered by a blanket. The officers made a final request to the defendant to end the disturbance, but were met with verbal abuse. One officer stepped to the window and turned off the radio. The female officer, Karen Black, rushed up the stairs to help restrain and dress the defendant, who refused to move from her bed. The officers placed her under arrest.

The defendant's sole claim on appeal is that she was denied effective assistance of counsel in violation of the Sixth Amendment to the Constitution of the United States and art. 12 of the Massachusetts Declaration of Rights because of counsel's failure to file a motion to dismiss or otherwise

preserve the issue whether the police entry into her home and the subsequent arrest were unlawful. Cf. *Welsh* v. *Wisconsin*, 466 U.S. 740, 753 (1984) (warrantless arrest in home of defendant who, apparently intoxicated, had left scene of accident and returned home, held unconstitutional; gravity of underlying offense for which arrest made held to be an important factor in determining whether exigency exists). The claim of ineffective assistance of counsel is based only on matters of record. Having reviewed the record, we conclude that counsel's handling of her case did not "deprive[] the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974).

We find there was sufficient evidence on this record to support the inference that "good citizens" of the neighborhood were disturbed as in *Commonwealth* v. *Piscopo*, 11 Mass. App. Ct. 905 (1981), and therefore the officers were justified in entering the home and making an arrest without a warrant for a misdemeanor involving a breach of the peace. See G. L. c. 41, § 98 (authorizing police officers' entry into any building to quell a breach of the peace). See also *Commonwealth* v. *Tobin*, 108 Mass. 426, 429 (1871) (constable has right, without warrant, to enter any house the door of which is unfastened and in which there is a noise amounting to breach of peace and arrest any person engaged in an affray or in committing an assault); *Ford* v. *Breen*, 173 Mass. 52 (1899) (police officers had right to enter house, the door of which was open, and arrest without warrant person who was intoxicated and committing breach of peace inside house). The offending conduct had not ceased at the time of the arrest. See *Commonwealth* v. *Gorman*, 288 Mass. 294, 297 (1934). Raising an unlawful entry issue by pretrial motion was most unlikely to have accomplished something material for the defense. See *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977); *Commonwealth* v. *Bryant*, 390 Mass. 729, 752 (1984).

Even if the arrest were ruled illegal and any information obtained as a result of the arrest were suppressed, the defendant could still have been tried on the complaint, based on the police officers' testimony as to the loud noise coming from her house and the neighbors' complaints. See *Commonwealth* v. *Boswell*, 374 Mass. 263, 267 (1978); *Commonwealth* v. *Grise*, 398 Mass. 247, 253 (1986). In this circumstance, probably the one defense available was the one presented, albeit unsuccessfully, to the jury: that the defendant did not engage in conduct which "most people would find to be unreasonably disruptive, and . . . did [not] in fact infringe someone's right to be undisturbed," *Commonwealth* v. *Orlando*, 371 Mass. 732, 734-735 (1977); rather, according to the version of events presented by the defendant's testimony and by defense counsel's argument to the jury, the defendant had called the police of the neighboring town of Peabody as well as the Hamilton police several times that day to complain that the two young men at her house were playing music too loud; the Hamilton police were annoyed and for that reason entered her house,

Rescript Opinions.

broke into her bedroom, and arrested her; and parts of the police testimony were inconsistent or untrue.

We conclude that, in the circumstances of this case, the "behavior of counsel [did not fall] measurably below that which might be expected from an ordinary fallible lawyer." *Commonwealth* v. *Saferian*, 366 Mass. at 96.

*Judgment affirmed.*

*Stephen E. Dawley* for the defendant.
*Robert J. Bender*, Assistant District Attorney, for the Commonwealth.